Dobell *vs*. Loker, Renick & Co.

Special Term—SPENCER, J. presiding.

### DOBELL *vs*. LOKER, RENICK & Co.

An attachment cannot be issued against a non-resident firm.

The Court will not allow the process in such case to be amended without prejudice to the attachment by inserting the individual names of the defendants.

This was before the Court upon two motions, first by the defendant to dismiss attachment as improperly issued against a firm in the firm name, the firm being non-residents; and the second motion by plaintiffs for leave to amend affidavit and process.

SPENCER, J.   It is clear, from the petition and the affidavit on behalf of the defendants, that the defendants were a firm, sued in their firm name, and the attachment had issued against them, not individually, but as against a non-resident firm.   This could not be done.   The Code allowed attachments against individuals who were non-residents, but not against firms as such.   A firm might be sued in its firm name, but only a firm that could be served with process at its place of business within the State.   The attachment was therefore improperly issued and served, and ought to be dismissed.   A motion was made, however, for leave to amend petition and process. There could be no objection to an amendment of the petition; but to allow the process to be amended without prejudice to the service, by inserting the individual names of the defendants, is a material amendment, which would affect substantial rights, and could not be allowed.

The original attachment is, therefore, dismissed, and leave granted to have amended petition stand for further proceedings.